**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.: PX21CR284 |
| | : | |
| CONRAD DARWIN D'HAITI, | : | |
| PHILIP JAMES DUPREE, | : | |
| MARK ROSS JOHNSON, JR., | : | |
| JARON EARL TAYLOR, and | : | |
| CANDACE DANIELLE TYLER | : | |
| | : | |
| Defendants | : | |

**<u>MOTION TO DISMISS</u>**

COMES NOW the Defendant PHILIP DUPREE, by and through his attorneys of record, Joseph L. Wright and Wright Esquire LLC, hereby files this Motion to Dismiss and respectfully represents the following to this Honorable Court:

1. <u>U.S. v Brady</u> states prosecutors have a constitutional obligation to turn over favorable evidence to criminal defendants. The contours of this obligation are broad. Prosecutors must disclose both exculpatory and impeaching evidence. <u>U.S. v Bagley</u>, 473 U.S. 667, 676 (1985). Non-disclosure of material evidence meaning evidence important enough that its non-disclosure creates a reasonable probability of undermining confidence in the outcome of the trial is a constitutional violation. <u>U.S. v Kohring</u>, 637 F.3D 895, 902 (9th Cir. 2011)

2. In short, there are three elements to a <u>Brady</u> claim: first, the evidence at issue must be favorable to the accused either because it is exculpatory, or because it is

impeaching; second, that evidence must have been suppressed by the state either willfully or inadvertently; and third, prejudice to the defendant.

3. Apart from Brady, District Courts may invoke its supervisory authority, also referred to as supervisory power, to address claims of government misconduct. A court may sanction the Government under this authority after determining that: first, there was government misconduct; second, consider the government's culpability; and third, the prejudice to the defendant.

4. U.S. v Bundy, 968 F.3D 1019 (2020) questioned whether the government's actions were sufficiently egregious to merit dismissal with prejudice. The case found that Courts may dismiss an indictment for government misconduct for two reasons, whether the court finds a serious due process violation or because it concludes that dismissal is warranted under its supervisory powers. A District Court may dismiss an indictment under its inherent supervisory powers to implement a remedy for the violation of a recognized statutory or constitutional right and two to preserve judicial integrity by assuring that a conviction rests on appropriate considerations validly before a jury and three to deter future illegal conduct. The court continued by stating that District Courts should exercise its supervising powers to protect the integrity of the federal courts and prevent the courts from making themselves accomplices and willful disobedience of law citing McNabb v United States, 318 U.S. 332, 345 (1943)  When the government withheld Brady material through flagrant misconduct, that will justify the courts exercise of its supervisory powers to dismiss the case with prejudice. Kearns, 5F.3D 1251, 1253 (1993)

5. In the case at hand, it became clear through the testimony of the expert witness

that the expert prepared a report in January 2019. The January 2019 report contained clear impeachment evidence that the Government found troubling upon their review. Two weeks before trial, the Government brought the expert witness in to prepare for trial. The Government and witness reviewed the report. They agreed the witness should change the report. There is no testimony as to how long before the prep meeting the government realized this expert report contained impeachment material therein. It is clear the government should not review and have witnesses alter evidence six years later in order to remove exculpatory /impeachment evidence that will help the Government's case and prejudice the Defendant's case. And as Bundy warns, this Court should not be an accomplice to this misconduct.

6. The obviously unconstitutional reason for the altered evidence report is to remove the impeachment evidence from the report.

7. This situation of prosecutors altering police evidence reports in order to remove impeachable evidence has been examined in the case of Hunt v Houston, 563 F.3D 695 (2009). The discussion conclusively found the prosecutor engaged in egregious clear prosecutorial misconduct. However, the thrust of the court's discussion deals with the timing of the defendant bringing forth the prosecutorial misconduct claim. The prosecutor had the report altered, omitting impeachment items that would be helpful to the defense and harmful to the state's case. The court "agrees that the prosecutor admits to its impropriety in handling the police reports." There was no question that prosecutors altering evidence reports is prosecutorial misconduct. That type of act is more than a mere Brady violation.

8. The real remaining question for this court was discussed in the <u>Hunt</u> case-- whether the prosecutor should be called as a witness and disclose misconduct to the jury. There is significant discussion about the defense attorney not wanting to escalate the issue to Bar counsel, etc. These are real-time issues that this court needs to confront as well.

9. Prosecutorial misconduct cases make one statement fairly clearly -- that the government should not seek to win its case when it brings criminal charges, because the government's duty is not solely to convict but to see that justice is done. <u>Holland v. U.S.</u>, 348 U.S. 121 (1954). cited in <u>U.S. v Chang,</u> 2025 WL 2145076 (2025<u>)</u>. <u>Chang</u> makes clear that compounding the egregious behavior of the prosecutors with an even more egregious failure to disclose anything regarding the witness's trustworthiness requires dismissal. In <u>Chang</u>, the prosecutor's "behavior goes far beyond recklessness."

10. With egregious behavior, the <u>Chang</u> court explained that dismissal with prejudice is the appropriate remedy. The <u>Chang</u> court also noted that attorney fees would be appropriate in cases such as the one that we have here against Defendant Dupree. Awarding attorney fees would send a message that prosecutors cannot play fast and loose with constitutional rules. <u>Chang</u> further said this is not the proper mindset for prosecutors the court and our society expect prosecutors to do their best to scrupulously adhere to rules and constitutional norms. When the prosecutors' actions are far from their best, it is disappointing and unacceptable for prosecutors to have fallen this short of their constitutional obligations.

11. <u>U.S. v Chapman</u>, 524 F.3D 1073 (2008) found that the prosecutors violated

constitutional norms. The District Court expressed frustration, lambasted the prosecutor's conduct as unconscionable. At the hearing on the motion to dismiss the indictment, new AUSA's appeared on behalf of the Government to argue against dismissal. The District Court granted defendant's motion to dismiss finding that the original AUSA had acted flagrantly, willfully, and in bad faith. The Government argued that the court's findings of flagrancy could not be upheld because the court declined to find that the documents were intentionally withheld from the defense.

12. In this case at hand the prosecutor acted flagrantly two different ways. First, the prosecutor and the expert witness changed the six-year-old report in order to remove impeachable evidence. Second, the government turned over impeachment materials for a non-expert witness minutes before her testimony that was never provided in the discovery production. This dual flagrancy is exactly what concerned the <u>Chang</u> and <u>Chapman</u> courts and required dismissal. <u>Chapman</u> recognizes the difficulty in proving the misconduct by having a rhetorical discussion questioning "realistically is there a way for the defendants to prove that the government acted intentionally? How would you prove that happening (short of) the prosecutor concedes that he or she deliberately withheld information?

13. <u>Chapman</u> explained that prosecutors have a duty and when they breached their duty, the sanctions should be severe because of the blatant altering of the impeachment evidence. The proper remedy for prosecutorial misconduct must consider the government's willfulness in committing the misconduct and its unwillingness to own up to it.

14. Also, another important note in <u>Chapman</u> clarifies that Defendants in Mr. Dupree's position can make arguments and request attorney's fees alongside the Motion to Dismiss Indictment pursuant to the Hyde Amendment. The Hyde Amendment provides that in a privately defended criminal case, the court may award to a prevailing party, other than the United States, a reasonable attorneys fee and other litigation expenses where the court finds that the position of the United States was vexatious, frivolous, or in bad faith.

15. Repeatedly, the prosecutor, in this case, acted in bad faith.

16. <u>Chapman</u> provided guidance to this Court to grant an award of attorney fees. Footnote 6 explains that attorney's fees can be given when courts find that the government "hid information" … if the documents were intentionally withheld (and Dupree argues correctly that even more alarming-- altered) to bolster the prosecution's case, that misconduct would be relevant to the defendant's innocence and that it would tend to suggest weakness in the prosecution's case. A dismissal on those grounds can lead to judgment on the merits for Hyde amendment purposes meaning attorney's fees should be granted.

WHEREFORE, Defendant respectfully prays for dismissal of the Criminal Indictment and attorney fees pursuant to the Hyde amendment in this matter.

Respectfully submitted,
**Wright Esquire LLC**

_____/S/_____
Joseph L. Wright
Attorney #960605476
5407 Water Street Suite #101

Upper Marlboro, Maryland 20772
(301) 375-0485
(301) 627-4156 Fax
Joseph@Wrightesq.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Line of Appearance was electronically filed via CM/ECF on September 15, 2025, and an electronic copy was e-served to:

United States Attorney's Office

                                     /s/
                              Joseph L. Wright

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.: PX21CR284 |
| | : | |
| CONRAD DARWIN D'HAITI, | : | |
| PHILIP JAMES DUPREE, | : | |
| MARK ROSS JOHNSON, JR., | : | |
| JARON EARL TAYLOR, and | : | |
| CANDACE DANIELLE TYLER | : | |
| | : | |
| Defendants | : | |

## ORDER

Upon consideration of the Motion to Dismiss and any Opposition therein, it is this _____ day of September 2025

  ORDERED that this matter is hereby DISMISSED WITH PREJUDICE for prosecutorial misconduct.  It is further

  ORDERED that attorney's fees are awarded in this matter.

                   _____
                   Judge Lydia Griggsby
                   U.S. District Court for Maryland