IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-21-284 |
| | * | |
| PHILLIP JAMES DUPREE | * | |
| and | * | |
| MARK ROSS JOHNSON, JR., | * | |
| | * | |
| Defendant | ***** | |

**OPPOSITION TO MOTION TO DISMISS INDICTMENT AND REQUEST FOR ATTORNEY'S FEES**

**Introduction**

The Court should reject Mr. Dupree's (the "Defendant") motion to dismiss the indictment for alleged discovery violations because the Government disclosed both the original and modified expert report of Charles Feely. *See* Ex. A, B. The original report—with the error in it that could be used for impeachment purposes regardless whether any corrected version was filed—was produced in the first discovery production in this case in September 2021. The corrected report—which was identified as such in the email sent to counsel—was sent to defense counsel the day it was received, seventeen days before trial. Therefore, there was no discovery violation, let alone a violation that requires sanctions. Similarly, the Defendant refers to but does not describe an FBI serial that was provided to counsel on the morning of Wednesday, September 10, the date a witness whose actions were described in the report was due to testify. The Defendant has not even attempted to describe the serial much less how it could be impeachment information. It was not impeachment information. Moreover, there was no prejudice to the Defendants because the witness's cross-examination occurred the following day and neither defense counsel in fact used the exhibit to impeach. The Motion to Dismiss should be denied.

1

## Background

*Feeley Expert Report*

Charles Feeley submitted an expert report regarding the origin and source of a vehicle fire to Progressive Insurance company in January 2019. Exh. 1. Ultimately that report was received by the Government from Progressive Insurance during its investigation of Defendant Johnson's fraud scheme involving the burning of the vehicle described by Feeley's report. The report has along its footer the date of January 23, 2019. The document was produced in discovery in September 2021 more than once, but Exhibit 1 here shows report as it appears at USA_01116 to USA_01148. Section IV, Paragraph 1 of that report read as follows:

1. An inspection of the 2016 Toyota Corolla was performed by Charles W. Feeley, IAAI–CFI (V), on December 12, 2018, while it was being stored at Insurance Auto Auctions, located at 8143 Beachwood Road in Dundalk, Maryland.

The report was provided to defense counsel in January 2023 in advance of the previously scheduled trial in February 2023.

As he testified at trial, during trial preparation, Mr. Feeley realized there was an error in his report at Section IV, Paragraph 1. He asked if it could be amended. He then sought permission to have it amended with Rimkus, his employer. On August 22, 2025, the revised report was provided to the Government. Exh. 2  Section IV, Paragraph 1 of the revised report reads as follows:

1. An inspection of the 2018 Ford F-450 truck was performed by Charles W. Feeley, IAAI–CFI (V), on December 12, 2018, while it was being stored at Insurance Auto Auctions, located at 8143 Beachwood Road in Dundalk, Maryland.

A copy of the revised report was forwarded to opposing counsel by email and USAfx, the Government share-site used regularly for discovery in the case, on August 22, 2025—the same

day it was sent by Feeley to the Government. The email forwarding the report stated, in part, as follows (Exh. 3):

> Please find attached expert disclosures previously made to former defense counsel on Thursday, December 8, 2022, prior to the then-scheduled February 2023 trial.
> You will see that the Government previously identified Charles Feeley as an arson expert and Sgt Brendan Gill as an expert on the Prince George's County Record Management System.
> 1. Charles Feeley will testify at trial. His CV is included in the "Feeley Arson Report." Note that a revised version of Mr. Feeley's report is attached (RPT47510453-8-22-2025) that corrects an error at Section IV, Paragraph 1 of the original report (a holdover paragraph from a report in a different matter) discovered recently. A list of Mr. Feeley's prior court testimony is also attached.

Coupe FD-302

An FD-302 relating to Ms. Coupe was provided to the defense at 8:17 a.m. on September 10, the day of opening arguments and the day she began testimony in the afternoon. Exh. 4 (Email). The substance of the FD-302 deals with claim coverage for Day-N-Night coverage some three to four months prior to the fire with the insured vehicle in the case. Exh. 5. Ms. Coupe's cross-examination began on Thursday, September 11. There were no questions regarding the FD-302.

## Argument

I. **The Government Did Not Violate its *Brady* Obligations.**

Because *Brady* is a disclosure doctrine, "there is no *Brady* violation if the defense is aware of the evidence in time to reasonably and effectively use it at trial." *United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). And even as to *undisclosed* evidence, no *Brady* violation occurs unless a Defendant can "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, i.e., prejudice must have ensued; and (3) that the prosecution had materials and failed to disclose them." *United*

3

States v. Taylor, 942 F.3d 205, 225 (4th Cir. 2019).

### A. The Government Timely Disclosed the Original Expert Report.

The Defendant's *Brady* motion fails at the outset because the Government disclosed the original expert report at least by September 2021, which was four years before trial. Therefore, the Defendant had ample time to prepare and effectively cross-examine the expert on the erroneous paragraph in Section IV, Paragraph 1 of the report. The Fourth Circuit has repeatedly held that even *mid-trial* disclosure of exculpatory or impeaching information vitiates any *Brady* claim. *See United States v. Cabrera-Rivas*, 142 F.4th 199, 218 (4th Cir. 2025); *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985). Furthermore, the Government pointed to the error in the first report when it produced the second report.

### B. The Original Expert Report is Not Impeaching.

Even if the Government had failed to disclose the original expert report, no *Brady* violation would lie because the report does not contain impeaching information. The January 2019 report contained a clerical error to a different vehicle explained by Charles Feely while on cross-examination at trial. At most, the Defendant could use the report to question the expert's attention to detail in front of the jury. But "*Brady* does not extend to '[e]vidence that impeaches an already thoroughly impeached witness.'" *United States v. Ervin*, 540 F.3d 623, 632 (7th Cir. 2008) (quoting *United States v. Kozinski*, 16 F.3d 795, 819 (7th Cir.1994)).

### C. The Original Expert Report Is Not Material.

Additionally, no *Brady* violation occurs unless the non-disclosed evidence is material to the Defendant. *See Taylor*, 942 F.3d at 225. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the

4

proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

But here, the expert report with the error WAS disclosed to the defendant four years prior. When the revised expert report was sent to defendant's counsel it was described as "revised" and the error in the original report was pointed out specifically.

### D. The Production of the FD-302 Did Not Violate Brady.

First, the defendants have not stated why or how Coupe's FD-302 would have been impeachment information or constitute Brady evidence. Thus the motion to dismiss does not provide factual basis for this extreme remedy. Nor did either defense counsel use the FD-302 to cross-examine Ms. Coupe. There has simply no proffer as to factual basis for any action based on the FD-302. Defendants did not attach it to their motion, notwithstanding the Court's encouragement to provide documents in support.

Second, the FD-302 was not impeachment information as against Coupe or Brady. The Government submits that is plain on the face of the document.

Third, the defendants were not prejudiced in any way by the production of this document more than a day before the witness even testified. The Coupe FD-302 does not serve as either an independent or cumulative basis for a motion to dismiss.

### II.    No Evidentiary Hearing is Required.

The Defendant's request that a Government attorney testify about the modified expert report lacks caselaw report support. *See* Def. Mot. ¶ 8. The Defendant cites to *Hunt v. Houston*, 563 F.3d 695, 699 (8th Cir. 2009), where the prosecutor retyped a police report to insert false information. Here, the Defendant has not alleged that the Government inserted false information into an expert report or directed the expert to do so. Nor does *Hunt* support calling a prosecutor to testify in front of a jury. *Hunt* involved an ineffective-assistance-of-counsel habeas claim, and

the Eight Circuit held that the trial counsel did not render ineffective assistance by failing to call the original prosecutor to testify.

Nothing in the record supports imposing this extraordinary remedy.

### III.     Dismissal is An Unwarranted sanction.

Even if the Court were to find a *Brady* violation—which it should not—"[t]he proper remedy for a *Brady* violation is another trial, not a dismissal of the charges." *United States v. Mitchell*, 164 F.3d 626 (4th Cir. 1998). That is because once the Defendant has the relevant material, he can cross-examine the witness appropriately.

Courts have occasionally employed their supervisory authority to dismiss indictments with prejudice when the Government has engaged in "flagrant misconduct." *See, e.g.*, *United States v. Bundy*, 968 F.3d 1019, 1037 (9th Cir. 2020) ("We are sensitive to the government's concern and agree that dismissal of an indictment is not an appropriate remedy for an ordinary *Brady* violation."). Here, however, the Defendant has failed to establish that the Government engaged in flagrant misconduct, or any misconduct whatsoever. Indeed, the Government's production of a "revised" report explicitly pointed out the error in the earlier report. The defense was free to cross examine Feeley on the error unscored by the Government's email, and the defendant did so.

### IV.     Attorney's Fees are Not Supported.

The Defendant has not shown entitlement to attorneys' fees under the Hyde Amendment. "For [the Defendant] to prevail under the Hyde Amendment, he must show that he is a prevailing party, and that the Government's position was vexatious, frivolous, or in bad faith." *In re 1997 Grand Jury*, 215 F.3d 430, 436 (4th Cir. 2000). The Fourth Circuit has explained that "bad faith 'is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will.'" *Id.* (quoting *United States v. Gilbert*, 198 F.3d 1293,

1302–03 (11th Cir.1999)).  To prevail under the Hyde Amendment, the Defendant must show more than that he prevailed at the pre-trial, trial, or at the appellate stage.  *In re 1997 Grand Jury*, 215 F.3d at 436.  "Consequently, the Hyde Amendment 'places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges.'"  *Id.* (quoting *Gilbert,* 198 F.3d at 1302–03).

There was no bad faith here.  The Government "noisily" produced the "revised" expert report, a document that would not be introduced in its case in chief as it was an expert report.   The defendants, to the extent they were not aware already, would have been aware in the error in the earlier report based on the Government's email on August 22, 2025.   Similarly, there was no bad faith in the production of the Coupe FD-302, that was produced after it was found to have been mistakenly omitted from a production in early August.   The document is not on its face impeachment information, nor did the defendants use it as such.

The Motion to Dismiss should be denied.

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

/s/ *Joseph R. Baldwin*_____
Joseph Baldwin
LaShanta Harris
Assistant United States Attorneys